OPINION
Defendant-appellant, Sidney McGriff ("appellant"), appeals from his conviction for robbery, in violation of R.C. 2911.02(A)(3), and from the denial of his motion for new trial.
On September 15, 1999, the grand jury indicted appellant on one count of robbery. On February 11, 2000, appellant filed a motion in limine
asking the trial court to exclude testimony and evidence in the state's case in chief relating to appellant's earlier entry, and subsequent withdrawal, of a no contest plea to an amended charge in Warren Municipal Court at a preliminary hearing. Shortly before trial commenced on February 16, 2000, the trial court granted the motion.
Ronald Collins ("Collins") testified he was in Warren on December 4, 1998, visiting his former wife and their children. In the evening, Collins decided to ride his mountain bicycle to the store to purchase some ice cream. After consuming the ice cream and disposing of the waste, Collins felt a presence behind him. Collins turned and saw two men creeping towards him, both crouched a bit as if to catch Collins by surprise. As soon as Collins saw them, one man asked to check out Collins' bicycle. Collins wanted to leave but felt the men were too close. One man, whom Collins identified as appellant at trial, accused Collins of stealing the bike from his cousin. Collins stated it was not the bicycle of appellant's cousin and offered to go with the men to a nearby market where there was a security guard. The men began swearing at Collins. Appellant said he was taking the bike and again stated Collins had stolen it. Collins jumped off his bicycle, pushing it away, and told them to take it. Collins ran into a nearby field. The men caught up with Collins half way into the field and began to beat him. Collins, a dialysis patient, feared his catheter would become dislodged and focused on protecting that area of his body. After about three minutes, Collins was able to break away and escape. The men returned to where the confrontation began, picked up the bicycle and left. Collins filed a police report regarding the theft.
After the theft, Collins stated he saw appellant three or four times. Collins attended his daughter's graduation ceremony from a Head Start Program in June of 1999. Collins immediately spotted appellant sitting near the back. Collins contacted the police and then followed appellant as he walked outside the facility. The police arrived at that moment.
Officer Don Calloway testified he arrived at the Head Start Program in response to Collins' call. Collins identified appellant as the person who had robbed him. Officer William Boldin testified Collins pointed out appellant as the robber. Officer Boldin later conducted a photographic line-up at the police station. Collins chose appellant's picture.
Appellant offered the testimony of Officer Reuban Shaw in his defense. Officer Shaw testified he also responded to the graduation ceremony. Officer Shaw stated Collins was not one hundred percent sure of his identification of appellant as the person who robbed him. The defense then called Collins to the stand in regard to an incident where he and appellant saw each other at an electronics store after appellant was charged. Another defense witness stated he was with appellant at the store.
The jury found appellant guilty of robbery. The trial court imposed a sentence of three years for the offense. On February 23, 2000, appellant filed a motion for new trial pursuant to Crim.R 33. The trial court orally denied the motion at a hearing held the following day.
Appellant assigns the following errors for review:
 "[1.] Appellant was denied a fair trial because the state violated an order in limine and made prejudicial comments relative to appellant's previously withdrawn no contest plea and admission.
 "[2.] The evidence was insufficient and the verdict of guilty was against the manifest weight of the evidence."
 In his first assignment of error, appellant contends the trial court abused its discretion by overruling his motion for new trial made pursuant to Crim.R. 33(A)(1). This provision permits a court to grant a new trial if there is an "irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial."
The standard applied when reviewing a trial court's determination on a motion for new trial is that of abuse of discretion. State v. Schiebel
(1990), 55 Ohio St.3d 71, at paragraph one of the syllabus. An abuse of discretion implies that the court's ruling was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
Appellant recalled the victim, Ronald Collins, to the stand. Because appellant did not preserve recross-examination, appellant questioned Collins on direct examination. Appellant began to ask Collins about an incident when he saw appellant at an electronics store after appellant had been arrested for the robbery. The following exchange took place:
"Q. Mr. Collins, what did you tell him?
 "A. I told him, `I'm sure it was you,' and you know because he was trying to tell me that it wasn't him and that the reason he confessed at the other hearing was because he thought he would go to jail."
 (T.p. 111). The trial court immediately issued a curative instruction, telling the jury to disregard the comment. Appellant contends that this comment was a violation, by the state, of his motion in limine
excluding any testimony regarding his previously withdrawn no contest plea. Appellant argues evidence regarding the plea was inadmissible under Evid.R. 410(A)(4), making the remark by Collins an irregularity in the proceedings, entitling him to a new trial.
In State v. Seiber (1990), 56 Ohio St.3d 4, the court held that the discovery by the jury that the defendant had been incarcerated for shooting a man while intoxicated did not constitute an irregularity in the proceedings, surprise, or error within the meaning of Crim.R. 33(A)(1). The jury discovered the fact through a defense exhibit. The court noted the prosecution had not acted improperly. The court applied the invited error doctrine in determining no abuse of discretion existed in the trial court's denial of the motion for new trial. Id. at 17.
In Cleveland Hts. v. Riley (May 20, 1999), Cuyahoga App. No. 74101, unreported, 1999 Ohio App. LEXIS 2293, the defendant's passport mistakenly was given to the jury. The jury brought the matter to the trial court's attention. The court then removed the passport and instructed the jury that the passport was not evidence and that the jury should rely upon their memories. Based upon the appropriate instruction and the jury's knowledge they should not have been given the passport, the Eighth District Court of Appeals found no abuse of discretion in the trial court's denial of the defendant's Crim.R. 33(A)(1) motion. Id. at 18.
In State v. Saban (Mar. 18, 1999), Cuyahoga App. No. 73647, unreported, 1999 Ohio App. LEXIS 1068, the defendant complained about the conduct of his own witness in communicating with the prosecutor outside the courtroom. The court stated the defendant's failure to control his own witnesses cannot be a basis of the grant of a new trial. Further, the defendant did not demonstrate that any errors of law or procedural irregularities occurred affecting the outcome of the trial. Id. at 15.
In the instant case, the jury learned there was an earlier hearing during appellant's direct examination of the victim. There can be no violation by the state when the defense calls the witness to the stand and a comment is made during direct examination. The "irregularity" was the direct result of the defense questioning Collins about the incident in the store. Further, the trial court issued a curative instruction. Juries are presumed to follow the trial court's instructions, including instructions to disregard testimony. State v. Jones (2000),90 Ohio St.3d 403, 414. Appellant has offered no evidence or argument indicating the jury did not abide by the trial court's admonition to ignore the comment. Appellant has failed to demonstrate he was denied a fair trial by this one remark. The trial court did not abuse its discretion by overruling appellant's Crim.R. 33(A)(1) motion. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant challenges the weight and sufficiency of the evidence supporting his conviction. Appellant contends the testimony of the victim alone was overcome by his presentation of two defense witnesses that he was not the perpetrator of the robbery. Appellant also disputes the credibility of the victim. Appellant further maintains there was little to no evidence presented that a theft offense was committed.
Appellant made a Crim.R. 29 motion for acquittal after the close of the state's case but did not renew that motion following the presentation of the defense. The failure to renew a motion at the close of all evidence precludes a defendant from raising, on appeal, a court's denial of a Crim.R. 29 motion. Further, a defendant may not challenge the sufficiency of the evidence on appeal unless he properly moved for acquittal at trial. State v. Hodge (Jan. 3, 2001), Medina App. No. 3072-M, unreported, 2001 Ohio App. LEXIS 4.
The issue when reviewing a challenge to the manifest weight of the evidence is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." State v. Nields (2001), 93 Ohio St.3d 6, 25, quotingState v. Getsy (1998), 84 Ohio St.3d 180, 193-194. The court will review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury, when resolving conflicts in the evidence, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. State v. Martin (1983), 20 Ohio App.3d 172, 175.
The jury convicted appellant of robbery in violation of R.C.2911.02(A)(3) which provides:
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
"***
 "(3) Use or threaten the immediate use of force against another."
 Appellant maintains the only evidence against him was Collins' testimony. Collins averred appellant and another man accosted him as Collins sat on his bicycle after he had finished an ice cream. After appellant accused Collins of stealing the bicycle from his cousin and then demanding the bicycle, Collins tried to flee on foot but was caught and beaten by the two men. The men then retrieved Collins' mountain bicycle and left the area. Collins saw appellant a few times following the incident but was not able to contact the police in time for them to respond. Collins again saw appellant at a graduation ceremony for a Head Start Program and he contacted the police. Officer Boldin testified Collins positively identified appellant as the person who robbed him both at the Head Start Program and through a photographic display.
In his defense, appellant offered the testimony of Officer Shaw who stated Collins was not completely sure that appellant was the individual who stole his bicycle. An acquaintance of appellant confirmed appellant and Collins met at an electronics store but offered nothing else in appellant's defense.
The jury was presented with ample evidence through the testimony of Collins upon which to base their determination that appellant was guilty of the charged robbery offense. Assessments of credibility are best left to the province of the jury who observe the witnesses, hear their voices, and note their demeanor. See State v. DeHass (1967),10 Ohio St.2d 230. That the testimony of the two police officers somewhat conflicted as to whether Collins was completely sure of his identification of appellant does not warrant a reversal on weight. SeeAkron v. Lorenzo (Sept. 26, 2001), Summit App. No. 20475, unreported, 2001 Ohio App. LEXIS 4327. Collins testified appellant and his companion used force, by way of threats and a beating, to steal his bicycle. This is ample evidence to support the jury's finding that appellant was guilty of robbery. Appellant's second assignment of error lacks merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, FORD, P.J., NADER, J., concur.